IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00675-WYD-BNB

ROBERT ALAN DOLIN and LISA DOLIN

Plaintiffs,

v.

CONTEMPORARY FINANCIAL SOLUTIONS, INC., and
MUTUAL SERVICE CORPORATION,

Defendants.

---

PROTECTIVE ORDER

---

Each Party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Material (as hereinafter defined). This Court, finding that good cause has been shown, grants the same as follows:

**1. Designation of Confidential Documents**

a.   Any person or entity subject to discovery in this action may designate a document as "Confidential" as provided herein. In order for a document or information to be designated as "Confidential," the proposed confidential information or document must first be reviewed by counsel for the party desiring to designate the material as "Confidential," and such

counsel must then form a good faith belief that the material is confidential or otherwise entitled to protection under Federal Rule of Civil Procedure 26(c)(1)(G). Any "Confidential" designation will be fully applicable to any such information contained in or derived from any document so designated. A document shall initially be designated "Confidential" by stamping or labeling the document it on its face prior to producing or disclosing it to anyone in the course of this litigation. Multi-paged documents that are bound together need only be stamped or labeled "Confidential" on the first page, but a party designating a document as "Confidential" shall where practicable designate as Confidential only those pages requiring protection. Any document that was or is produced without a "Confidential" designation may be so designated retroactively by written notice to opposing counsel. Discovery responses, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain material designated as Confidential may be accorded status as a Confidential document if it is not practicable to prepare the document in such a manner that the Confidential information is bound separately from the information contained therein that is not designated as Confidential. Any document designated as "Confidential" pursuant to this Order, and the Confidential contents of such document, are referred to herein as "Confidential Material."

 b Agreeing to, and/or producing, or receiving Confidential Material, or otherwise complying with the terms of this Protective Order, shall not:

  i operate as an admission that any particular Confidential Material contains or reflects trade secrets or any other type of confidential information;

ii. prevent the parties to this Protective Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular discovery material;

iii. prejudice in any way the rights of a Producing Party to object to the production of documents it considers not subject to discovery;

iv. prejudice in any way the rights of a party to seek a determination by the Court that particular material be produced; or

v. prejudice in any way the rights of a party to apply to the Court for further protective orders, or modifications hereof.

c. The initial failure to designate information in accordance with this Order shall not preclude any party from subsequently designating any information "Confidential." A party desiring to designate previously produced information as Confidential must provide written notice of such designation to counsel of record for the receiving party, which notice must also specifically identify the previously produced information that was not designated as "Confidential." The party in receipt of such designated material shall restrict the disclosure of such information to those persons qualified pursuant to this Order, and, if such information has previously been disclosed to persons not so qualified, it shall take reasonable efforts to obtain all such previously disclosed information and to advise such persons of the claim of confidentiality.

d. Designating a document as "Confidential" shall not be used against the Producing Party in any way as, for example, an admission that the designated information constitutes or contains any trade secret or confidential information.

**2   Use and Disclosure of Documents Designated "Confidential"**

a   Except with the prior written consent of the Producing Party, no Confidential Material may be used for any purpose other than the conduct of this litigation, or disclosed to any person other than:

   i.   A party;

   ii.  the officers, employees or agents of a party to this litigation who have responsibility for the conduct of the litigation;

   iii. in-house counsel of a party, and the secretaries, paralegal assistants and employees of such counsel to the extent reasonably necessary to render professional services in the litigation;

   iv.  outside counsel of record for the parties in this action, and the partners, associates, secretaries, paralegal assistants and employees of such counsel to the extent reasonably necessary to render professional services in the litigation;

   v.   persons with prior knowledge (other than by disclosure pursuant to this Order) of the Confidential Material, including any person who, on the face of a document containing Confidential Material, is indicated to be the author, addressee or recipient of a copy of the document;

   vi.  any person whom a party in good faith anticipates may be a witness in deposition or at trial, provided that Confidential Material shall not be disclosed to any third party that is a business competitor of the party that designed the Confidential Information, without prior notice to counsel for the latter;

vii. any present or former officer, member, or employee of any corporate party to the extent reasonably necessary for the purpose of assisting counsel in the litigation;

viii. any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

ix. court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

x. outside consultants or experts retained for the purpose of assisting counsel in the litigation;

xi. persons engaged by counsel for a party to organize, file, code, convert, store, or retrieve data in connection with this action, or designing programs for handling data in connection with this action, including the employees of third-party contractors performing one or more of these functions.

b. Any individual *not* identified in (a) (i), (ii), (iii), (iv), (viii), (ix) (x) or (xi) above must first (except as provided in section 5(a) of this Order) have signed an Acknowledgement in the form of Exhibit 1 to this Order, which the attorney making the disclosure shall retain in his or her files. Nothing in this Order shall be construed to relieve any person identified in clause (a)(v) above, of any obligation of confidentiality that may have arising from some source other than this Order.

c. This Protective Order has no effect on and shall not apply to a Producing Party's use of its own Confidential Material for any purpose, or its own use of documents or other

information developed or obtained independently of discovery in this action for any purpose.

**3      Mechanism To Challenge Designation of Material as Confidential; Exempted Material**

a.      A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

b.      The parties are not obliged to challenge the designation of any Confidential Material at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge.

c       The provisions of this Order shall not apply to any document, or information contained therein, that is obtained from non-privileged sources other than

through discovery or which is or becomes a matter of public record on file with any governmental or regulatory agency or board, or is otherwise available from publicly accessible sources.

**4.    Filing of Confidential Material**

In the event that counsel for any party determines to file with or submit to the Court any Confidential Material, the pleadings or other documents containing the same shall be filed under seal in compliance with the applicable requirements of the court where filed.

**5.    Use of Confidential Information in Depositions**

a.    A deponent may, during a deposition, be shown and examined about Confidential Information. Unless the deponent is listed in Section 2.b. hereof as a person who is not required to execute an Acknowledgement, the deponent shall be first shown a copy of this Order, and asked to read it and acknowledge, while under oath, the restrictions contained herein before being examined about such material. Deponents shall not retain or copy portions of their transcript which contain confidential information not otherwise available them or the entities they represent, unless they sign an Acknowledgment in the form of Exhibit 1 to this Order.

b.    Parties and deponents may, at the time a deposition is taken or within ten days thereafter, designate pages or sections of the transcript (and exhibits thereto) as Confidential. Confidential Material within the deposition transcript may be designated by underlining, separate binding, or other suitable means.

**6.    Confidential Information at Trial**

Subject to the Federal Rules of Evidence, Confidential Material may be offered in trial or

7

at any court hearing. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as protected and, if so, what protection, if any, may be afforded to such information at the trial.

### 7. Unauthorized Disclosure

In the event of disclosure of any Confidential Material to a person not authorized for access to such material, the party responsible for having made the disclosure, and any party with knowledge of such disclosure, shall immediately inform counsel for the party whose Confidential Material has thus been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The responsible party shall also promptly take all reasonable measures to ensure that no further or greater unauthorized disclosure or use of such information or materials is made. Each party shall cooperate in good faith in that effort.

### 8. Duration of Order, Return of Confidential Material, and Retention by Counsel

a. This Order shall continue in effect after the conclusion of this action. Notwithstanding the foregoing, a receiving party may seek the written permission of the party who designated information or materials as Confidential, or may seek a further order of the Court, with respect to dissolution or modification of this Order.

b. Within 45 calendar days after the conclusion of this action in its entirety, all parties and persons having received Confidential Material shall dispose of all such material either by: (1) returning such material to counsel for the Producing Party and certifying that all such information has been returned; or (2) destroying such material in a manner that ensures that it will not be disclosed to, disseminated to, or recovered by any

person, and certifying such destruction.

c. "Conclusion of this action" means the expiration of all appeal periods, including proceedings respecting any petition for certiorari, or the execution of a settlement agreement among all the parties finally disposing of this action.

9  **Court's Continuing Jurisdiction**

This Court has continuing jurisdiction over the enforcement, interpretation, and modification of this Order. Any person executing an Acknowledgment of this Order shall be deemed to have consented to the personal jurisdiction of this Court for such purpose. This continuing jurisdiction shall extend beyond the conclusion of this action. The confidentiality obligations imposed by this Order shall survive any such expiration unless otherwise expressly ordered by this Court upon a duly noticed motion and hearing.

ENTERED this 14th day of July, 2009.

BY THE UNITED STATES DISTRICT COURT:

~~United States District Court Judge~~

**BOYD N. BOLAND**
**United States Magistrate Judge**

Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00675-WYD-BNB

ROBERT ALAN DOLIN and LISA DOLIN

Plaintiffs,

v.

CONTEMPORARY FINANCIAL SOLUTIONS, INC., and
MUTUAL SERVICE CORPORATION,

Defendants.

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

I, _____, of _____,

affirm and state as follows:

(1) I have read the Protective Order entered in this litigation;

(2) I understand its terms and agree to be fully bound by such Order.

_____      _____
Date                 Signature